THE PEOPLE OF THE STATE OF NEW YORK, on the Complaint of Officer GEORGE H. RIVERS, Plaintiff, *v.* WILLIAM ROSEMAN, Defendant.

City Magistrates' Court of New York, Borough of Manhattan, Fifth District, May 14, 1937.

*Joseph R. Damico*, for the plaintiff.

*Aaron H. Wein* [*Jacob Stiefel* of counsel], for the defendant.

AURELIO, C. M.   It is charged that the defendant is maintaining a news-stand in front of his store at 1786 Third avenue, city of New York, in violation of section 140 of article 13 of chapter 23 of the Code of Ordinances of the City of New York.

The stand extends five feet across the sidewalk at right angles to the building at the dividing line between the premises of the defendant and the premises on the north.

The complaint is made by a police officer, apparently at the request of the occupant of the store on the north, because his store window is obscured to pedestrians approaching from the south by the height of the stand.   The stand is not licensed and the stoop line has been abolished.

Section 140 aforesaid provides: " No person shall, except as otherwise provided in this code, incumber or obstruct any street, dedicated or acquired for public use, with any article or thing whatsoever."

Subdivision 3 of section 230 of article 22 of chapter 14 of the Code of Ordinances of the City of New York provides: " Newspaper stands. All stands for the sale of newspapers, magazines or periodicals or a combination thereof, operated within stoop lines, except in the case of an owner of a store located thereat, and who is engaged in the business of the sale of newspapers, magazines or periodicals or a combination thereof, and maintaining and operating his own stand, shall be required to be licensed by the commissioner of licenses with the consent of the owner of the abutting premises; and such stands located on streets, avenues and other public highways where the stoop line has been abolished, to be known as small stands, may be licensed by the commissioner with the consent of the owner of the abutting premises, provided that such stands are of a size not greater than eighteen inches wide by six feet long. The annual license fee for such stands shall be ten dollars."

The defendant contends that since he is the owner of the store where the stand is located this section does not apply to him because by its terms an exception is made in favor of a news-stand operated by the owner of a store where the stand is located, even though there is no stoop line. I do not so construe the section. It is my opinion that under this section a news-stand operated within the stoop line by a person not the owner of the store where the stand is located is required to be licensed by the commissioner with the consent of the owner of the abutting premises, and if the stand is within the stoop line and is operated by the owner of the store where it is located, then no license or consent is required; but where the stoop line has been abolished, as is the case here, then everyone, including the owner of the store where the stand is located, must secure a license from the commissioner with the consent of the owner of the abutting premises. In the latter case the stand must be of a size not greater than eighteen inches wide by six feet long. Other stands must comply with subdivision 6 of section 149 of article 13 of chapter 23; that is, the stand shall not exceed the space of ten feet long by four feet wide.

It will be noted that subdivision 6 of section 149 of article 13 of chapter 23 provides: " Restrictions. a. Every stand, other than a stand or booth under the stairs of an elevated railway station, must be strictly within the stoop line, and shall not be an obstruction to the free use of the sidewalk by the public."

However, notwithstanding this section, I am of the opinion that the commissioner may, even where there is no stoop line, with the consent of the owner of the abutting premises, license a " small stand " as provided in subdivision 3 of section 230 of article 22 of chapter 14, aforesaid.

It follows that defendant's stand constitutes an incumbrance on the sidewalk, and not being licensed, is maintained in violation of section 140 aforesaid. The court finds the defendant guilty as charged.