In the Matter of the Application of RALPH C. TOBIN and Others, Constituting the Board of Trustees of the Seventh Regiment Armory Building in the City of New York, Petitioners, Appellants, for an Order of Mandamus against FIORELLO H. LAGUARDIA, as Mayor, and Others, Constituting the Board of Estimate of the City of New York, Respondents.

First Department, March 15, 1940.

*John F. O'Ryan* of counsel [*L. Laurence Liss* with him on the brief; *Loucks, O'Ryan & Cullen*, attorneys], for the appellants.

*Seymour B. Quel* of counsel [*William C. Chanler, Corporation Counsel*], for the respondents.

GLENNON, J. The petitioners are the trustees of the Seventh Regiment Armory building located at Sixty-seventh street and Park avenue, in the borough of Manhattan, city of New York. The building was erected and constructed with funds privately raised and contributed by the members of the regiment. The trustees in January, 1939, made an application to the board of estimate of the city of New York for an appropriation of $8,000 to be included in the 1939–1940 budget for payment, in lieu of rental, in January of this year. The amount sought was to be used for the preservation, maintenance and improvement of the building. The board of estimate failed to provide for the payment of any sum whatever to the trustees. Since the Court of Appeals, speaking through Judge HUBBS, on a prior application, wrote at considerable length concerning the history of the armory in *Matter of Tobin* v. *LaGuardia* (276 N. Y. 34), we do not deem it necessary to review the facts. Suffice it to say that the board of estimate was directed to appropriate the sum demanded, less two items which were not deemed to be within the purposes outlined in the old Greater New York Charter, section 230, and chapter 518 of the Laws of 1893.

The respondents have taken the position that the amount of the payment desired in lieu of rental by the trustees is now, pursuant to the provisions of the New York City Administrative Code (§ 117[7]–1.0), a matter resting solely within their discretion. We do not believe that the contention is correct. Under the prior laws, the sum to be paid to the trustees of the Seventh Regiment armory building was not a discretionary matter. In fact it was mandatory in so far as the city authorities were concerned.

Reference to pertinent legislation will clarify the question presented to us for decision. The Legislature, by chapter 518 of the Laws of 1893, among other things, enacted: " The board of estimate and apportionment of the city of New York is authorized to estimate and appropriate annually such sum or sums, not exceeding eight thousand dollars, as an equivalent, and in lieu of the rental for an armory for said regiment, as may be required by the trustees of the Seventh Regiment armory building, which sums so appropriated shall be paid to the said trustees of the Seventh Regiment armory building, and applied by them to the preservation, maintenance and improvement of the Seventh Regiment armory building,

and the several parts and appurtenances thereof devoted to the uses of the said regiment and to the improvement thereof as an efficient military organization; * * *."

The substance of this law was included in the old Greater New York Charter (Laws of 1897, chap. 378) and continued in the amended and revised charter of 1901 (Laws of 1901, chap. 466), in the following express language:.

" § 230. The board of estimate and apportionment shall, in addition to such other amounts as it may in its discretion provide for public purposes in the city of New York and the several counties wholly contained within its territorial limits, annually include in its final estimate the following sums, which shall annually be raised and appropriated:

" *First*— A sum not exceeding eight thousand dollars to be paid to the trustees of the Seventh Regiment armory building,. as an equivalent and in lieu of the rental of an armory for said regiment, to be applied to the preservation, maintenance and improvement of said armory building, as provided in. chapter five hundred and eighteen of the laws of eighteen hundred and ninety-three, said sum to be paid in the month of January in each year."

Referring to this particular legislation, the Court of Appeals, in *Tobin* v. *LaGuardia*, (*supra*),. stated: " The fact remains that the board of estimate and apportionment is authorized by the 1893 act and by section 230 of the Charter is directed to include in its final estimate a sum not exceeding $8,000 as an equivalent and in lieu of rental, to be paid to the trustees to be applied to the preservation, maintenance and improvement of the building in question and the amount to be appropriated therefor, within the limit specified, is by the 1893 act left to the determination of the trustees of the building."

When the Administrative Code of the City of New York was enacted by the Legislature, these provisions of law, for all intents and purposes, were codified and restated in the code. They do not appear therein in the precise language· used by the. Legislature. They are now contained in section 117(7)–1.0, which reads as follows:

" § 117(7)–1.0. Items to be included in annual estimate.— The board of estimate, in its discretion, shall include annually in the budget.

" 1. A sum not exceeding·eight thousand dollars to be paid·to the trustees of the Seventh Regiment armory building, as an equivalent and in lieu of the rental of an armory for such regiment, to be applied ·to the preservation, maintenance and improvement of the armory building, such sum to be·paid in the month of January in each year."

We are familiar with the circumstances under which the Administrative Code was enacted at a special session of the Legislature in December, 1937, on an emergency message and a message of necessity from the Governor at the behest of the city authorities. The time was short and the proposed Administrative Code was of considerable length. Section 1–0.0 thereof provides: " The purpose of this code is solely to codify and restate present existing statutes and laws, general, special and local, except in instances where changes are necessary to conform such statutes and laws to the New York city charter."

In order to safeguard itself against the lack of time for real study and consideration, the Legislature incorporated in the code the following clause:

" § 982–1.0. Legislative intent. It is the intent of the Legislature by this act to provide an administrative code for the city of New York harmonizing with the provisions of the New York city charter. In so far as this act revises, consolidates, codifies, continues or restates the provisions of any statutes, local laws or ordinances, applicable to the city of New York and in force on December thirty-first, nineteen hundred thirty-seven, such provisions shall be deemed unchanged in substance and effect except as may be necessary to harmonize them with the New York city charter except as any of such provisions are specifically repealed by this act. If in this code there shall have been incorporated any provision of law, general, special or local, or a provision of any ordinance, that heretofore shall have been superseded or specifically or impliedly repealed, the incorporation of any such provision shall not revive such superseded or repealed provision, nor shall such incorporation be construed to indicate any legislative determination that such provision had not been theretofore so superseded or repealed. If in this code there shall have been incorporated any new provision, which is not a revision, consolidation, codification, continuance or restatement of the provisions of a statute, local law or ordinance applicable to the city of New York and in force on the thirty-first day of December, nineteen hundred thirty-seven, except as the same shall have been necessary to harmonize the provisions of this code with the provisions of the New York city charter, such new provision shall not become effective, but shall be deemed an inadvertence or error."

The words, " in so far as this act * * * continues or restates the provisions of any statutes, local laws or ordinances * * * such provisions shall be deemed unchanged in substance and effect except as may be necessary to harmonize them with the New York city charter, * * *," should be stressed in considering the

question which now confronts us. In addition thereto, attention should be directed to the last sentence of the above quoted section wherein it is stated: "* * * any new provision, which is not a * * * continuance or restatement of the provisions of a statute, local law or ordinance applicable to the city of New York * * * except as the same shall have been necessary to harmonize the provisions of this code with the provisions of the New York city charter, such new provision shall not become effective, but shall be deemed an inadvertence or error."

It is fair to assume that the draftsmen of the code did not intend to deceive the Legislature in enacting section 117(7)–1.0 upon which the respondents rely. Therefore, it is proper to say that the change was written in through " inadvertence or error " and, consequently, did not have the effect of repealing chapter 518 of the Laws of 1893 and section 230 of the old Greater New York Charter. In fact, the code, as written, contains the following provision as outlined in section 963–1.0: " No existing right or remedy of any kind shall be lost or impaired by reason of any provision of the code."

The board of trustees of the Seventh Regiment armory building had the right or were entitled to receive, pursuant to chapter 518 of the Laws of 1893, a sum of money for the purposes outlined in the act. Since the trustees had an " existing " right to receive an appropriation in lieu of rental, that right could not " be lost or impaired by reason of any provision of the code."

We do not believe that the Legislature in approving the code intended to repeal section 230 of the old Greater New York Charter and chapter 518 of the Laws of 1893, so as to deprive the Seventh Regiment of the right it enjoyed for over half a century to receive an appropriation in lieu of rental. The sole purpose, in so far as this particular legislation was concerned, was to codify and restate the law.

For the reasons assigned, the order should be reversed, with twenty dollars costs and disbursements, and the motion of petitioners for a peremptory order granted.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion of petitioners for a peremptory order granted. Settle order on notice.