AMERICAN DOCK COMPANY and Others, Respondents, *v.* THE CITY OF NEW YORK and Others and NEW YORK FOREIGN TRADE ZONE OPERATORS INCORPORATED, Appellants.

Judgment, so far as appealed from, affirmed, with costs. No opinion.

Present — Martin, P. J., Dore, Cohn and Callahan, JJ.; Callahan, J., dissents in opinion. [174 Misc. 813.]

CALLAHAN, J. (dissenting). While I agree with a number of the legal conclusions arrived at by Special Term, I think that it erred in several respects with regard to the law applicable to this case and thus arrived at an improper conclusion with respect to the problem presented. In the first place I think that the court erred in holding that the contract between the City of New York and the New York Foreign Trade Zone Operators Incorporated was a lease. No estate in real property was granted under this contract. It was an agreement for the operation of the foreign trade zone by the corporation as agent for and under the direction and control of the city.

I likewise believe that Special Term erred in holding that the foreign trade zone was a terminal facility within the meaning of title B of chapter 29 of the New York City Administrative Code. The history of the legislation with respect to freight terminal facilities required a contrary holding.

I think the City of New York had both express and implied power to operate the zone, and had implied power to make the contract for operation with the defendant corporation.

The Administrative Code expressly recognizes the existence and continuance of the Staten Island Free Port (Chap. 29, § 704c–3.0). Therefore, the repeal of chapter 246 of the Laws of 1935 in connection with the adoption of the Administrative Code must be deemed- inadvertent. (*Matter of Tobin* v. *LaGuardia*, 259 App. Div. 191; affd., 283 N. Y. 678.) The inclusion of this chapter in the list of statutes repealed was probably because the continuance of the statutes was no longer deemed necessary once the zone had been legally created.

In addition, other relevant statutes grant wide powers to the city with respect to wharves and water front property, which are broad enough to include the right to operate the trade zone as an aid to the development of the commerce of the city. (Administrative Code, chap. 29, tit. A; N. Y. City Charter, §§ 701–712; Gen. City Law, §§ 19, 20, 23.) The right on the part of the city to operate would seem to carry with it the implied power to contract in aid of performing the authorized purpose by means such as are provided for in the contract involved herein. (*Gushee* v. *City of New York*, 42 App. Div. 37; *New York Mail and Newspaper Trans. Co.* v. *Shea*, 30 id. 266; *Peterson* v. *Mayor*, 17 N. Y. 449.)

The contract leaves with the city the final control of the property at the zone, and allows it to remain as a facility available to the public. A contract of this nature is an incident to the fulfillment of the city's rights and duties with respect to the maintenance of the free zone.

The judgment, so far as appealed from, should be reversed and the complaint dismissed.