THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAM LEVITT, Appellant.

Court of Special Sessions of City of New York, Appellate Part, First Department, April 7, 1942.

*Albert W. Goldstein* [*Morris Bloomgarden* and *Irving Maness* of counsel], for the appellant.

*William C. Chanler, Corporation Counsel* [*Irving Galt* of counsel], for the respondent.

BAYES, Ch. J.   Appeal from judgment of the Magistrates' Court, Municipal Term District, Manhattan, rendered June 12, 1941, convicting defendant of a violation of section B32–64.0 of article 11 of title B of chapter 32 of the Administrative Code of the City of New York.   Sentence was suspended.

The question to be decided herein is whether a store owner engaged in the business of selling newspapers, magazines, etc., who maintains and operates his own newsstand abutting his store, is required to be licensed under section B32–64.0 of article 11 of title B of chapter 32 of the Administrative Code of the City of New York.

The appeal comes to us on an agreed statement of facts.

The complaint charged that on February 18, 1941, in the city and county of New York, defendant " did unlawfully conduct an unlicensed newsstand outside his store at 498 Audubon Avenue, City, County and State of New York, in violation of Chapter [32, Section] B32–64.0, Article 11, Title B, of the Administrative Code of the City of New York."

Upon a comparison of subdivision 3 of section 230 of article 22 of chapter 14 of the New York Code of Ordinances (repealed by Laws of 1937, chap. 929) entitled " Stoop Line Stands and Newsstands," with article 11 of the Administrative Code, title B of chapter 32, entitled " Sidewalk Stands," each dealing with the same subject, we conclude that under neither was defendant required to obtain a license. Under said subdivision 3 of section 230, defendant was expressly excepted as " an owner of a store located thereat, and who is engaged in the business of the sale of newspapers   *   *   *   and maintaining and operating his own stand."   As we construe it, the use further down in the section of the words " and such stands located on streets   *   *   *   where the stoop line has been abolished," refer to " all stands " other than that of the excepted store owner.   Under said section B32–64.0 of the Administrative Code, we find defendant expressly within the provision that " the owner of a store engaged in the business of the sale of newspapers, *   *   *   may maintain and operate his own stand abutting such store without a license therefor."

We do not find that said section B32–64.0 works any such material change in said subdivision 3 of section 230 as to require the application of the ruling in *Matter of Tobin* v. *LaGuardia* (259 App. Div. 191; affd., 283 N. Y. 678).

Reference is made in the briefs of both parties to *People (Rivers)* v. *Roseman* (164 Misc. 11, which was affirmed by this court without opinion on August 2, 1937). In this case the charge was made against defendant Roseman that he " did unlawfully obstruct and incumber the sidewalk in front of 1786-3rd Avenue with oversize newsstand in violation of Chapter 23, Section 140 of the Ordinances of the City of New York." Said section 140 provided: " No person shall, except as otherwise provided in this code, incumber or obstruct any street, dedicated or acquired for public use, with any article or thing whatsoever." It appears from the record that the stand in question extended five feet across the sidewalk at right angles to the building at the dividing line between the premises of defendant and the premises adjoining on the north. This of course constituted an incumbrance on the sidewalk, and not being licensed, was in violation of said section 140. In his opinion the magistrate did undertake to construe subdivision 3 of section 230 of article 22 of chapter 14 of the Code of Ordinances respecting newspaper stands, holding that where the stoop line had been abolished, everyone, including the store owner, must procure a license with the consent of the abutting property owner. That construction was, so far as the case then before the magistrate, *obiter dictum* and the affirmance by this court without opinion did not involve the adoption or approval of that construction.

Accordingly the judgment herein should be reversed and the complaint dismissed.

Cooper and Flood, JJ., concur.