NEWTON H. REID, Plaintiff, *v.* CITY OF FULTON, Defendant.

Supreme Court, Oswego County, March 30, 1944.

*William S. Hillick* for defendant.

*Culkin & Amdursky* for plaintiff.

CREGG, J. This is a motion to dismiss the complaint on the ground that the City of Fulton has no legal right to enter into a lease of its public airport for private use.

Sometime prior to 1942 the City of Fulton purchased a parcel of land in the town of Volney, Oswego County, outside the boundaries of the city of Fulton. It is known and distinguished as '' Fulton Airport ''. In October, 1942, the Common Council of the City of Fulton awarded to the plaintiff an option to lease its airport for the term of ten years. Plaintiff thereafter exercised his option and demanded the lease. The City of Fulton refused to execute or deliver the same. The proposed lease in accordance with the terms of the option provides, among other things, that the duration thereof shall be for a period of ten years from its date. The proposed lease further provides: '' (4) The operator shall have complete and exclusive use of the whole field and all facilities and complete control of all commercial operation and flying, except scheduled air transporta-

tion and with regard to such scheduled air transportation, the operator shall furnish such service as shall be required by the operators of such scheduled flights, which shall have the approval of the Federal regulating agencies."

This action was brought to compel the defendant to enter into a lease for the Fulton Airport according to the terms and conditions of the option agreement.

The defendant, in refusing to enter into the lease, claims that it has no power or authority to lease its entire public airfield for private use; that the airport having been acquired and built as a public aviation field, the City had no power or authority to make a lease conveying the exclusive use thereof for private purposes.

The property in question was acquired by the City for a public airport. It cannot now dispose of the possession of the entire property for the term of ten years for private purposes. (*People ex rel. Swan* v. *Doxsee,* 136 App. Div. 400, affd. on opinion below 198 N. Y. 605; *American Dock Co.* v. *City of New York,* 174 Misc. 813, affd. 261 App. Div. 1063, affd. 286 N. Y. 658.)

Undoubtedly municipalities may lease portions of public property for uses incidental to the public use and which uses do not interfere with the public use for which the property was acquired or set aside. No decision has been cited to me, and I am unable to find any, wherein it has been held that a city has authority to lease for private use the entire property which was purchased by it or set aside for public use. The City has no proprietary rights in such property distinct from the trust for the public. It now holds the property for public use. The airfield cannot be appropriated to any other use without statutory authority. (*Meriwether* v. *Garrett,* 102 U. S. 472, 501, 513; *Juneau Ferry & Navigation Co.* v. *Morgan,* 236 F. 204, 206.) I find no such authority.

Judgment may be entered dismissing plaintiff's complaint, with costs.