L. Barron Hill, J.
The defendant, Suffolk County, is the fee owner of the Suffolk County Airport which comprises an area of about 1,400 acres. On March 8, 1948, Suffolk County leased the entire airport to Walter F. MeGinty with the proviso that all facilities and services would, be made available to the public at reasonable charges and fees. This lease provided for annual rent of $12,000 plus additional amounts based upon percentages of income, and ran for a term of 10 years with a 10-year option to renew.
On July 26, 1948, the Board of Supervisors adopted a resolution approving the assignment of the lease from Walter F. MeGinty to plaintiff. Thereafter, the lease was assigned, and plaintiff sublet a portion of the premises to the Arabian American Oil Company at an annual rent of $25,000.
The airport is now under control of the United States Air Force, but under the lease such occupancy has the effect of extending the term for the full period of Federal occupancy. Prior to such occupancy, however, the defendant sought to terminate the lease for alleged breaches of various provisions of the lease. Although much of the testimony was concerned with plaintiff’s performance under the lease, I find the review of such evidence unnecessary because the lease itself was void from its inception.
This is an action for a declaratory judgment brought by plaintiff to have the court declare the defendants’ attempts at termination were abortive and plaintiff still the lawful lessee, subject to the occupancy of the United States. The complaint also broadly requests a declaration of the rights and legal relations of the parties, and further under the law of this case, the validity of the lease is before the court.
*647 When the lease was made in 1948, section 352 of the General Municipal Law which regulates the powers of municipal corporations over their airports, provided: “5. Lease, contract or otherwise agree, on an exclusive or non-exclusive basis, for the rendering of various services, or the conduct of business activities, on or at said airport or landing field * * * ”. (L. 1947, ch. 904.)
In Reid v. City of Fulton (181 Misc. 711, affd. 269 App. Div. 894) it was determined that a municipal airport is held in public trust and the entire property cannot be leased without legislative authority. Section 352 as it existed in 1948, was not broad enough to permit the outright lease of an entire airport. As a mater of fact, the Attorney-General informally advised that the leasing of an entire municipal airport was illegal (1948 Atty. Gen. [Inf.] 122). Apparently, the 1949 amendment was specifically enacted to allow such leasing (see N. T. State Legis. Annual, 1949, p. 52). It should be noted that such amendment permitted a lease ‘ ‘ for the entire operation of such or landing field, or of any part thereof ’ ’; and only after ‘ ‘ a public hearing in respect thereto ” and “ for a term not exceeding ten years ”.
The plaintiff also argues that even if the county had no authority to enter into the lease, the county is estopped from asserting its lack of authority. However, to adopt such a theory would permit a municipality to disregard the law by ratifying an illegal act; or legislate its own powers and alienate public lands by estoppel.
Settle findings of fact, conclusions of law and judgment.