ALBERT O. HESSE, Appellant, *v.* FRED J. RATH, as Mayor of the City of Utica, et al., Respondents.

(Submitted November 28, 1928; decided December 7, 1928.)

*Charles J. Fuess* for appellant. The establishment of an airport or landing field is not a " city purpose " within the meaning of section 10, article 8 of the Constitution of the State of New York. (*Sun Printing & Publishing Association* v. *Mayor, etc.,* 152 N. Y. 257; *Matter of Chapman* v. *City of New York,* 168 N. Y. 80.)

*Emerson M. Willis, Corporation Counsel,* for respondent. Use of land for an airport is a use for a " city purpose " within section 10 of article 8 of the State Constitution,

for which land may be acquired. (*Sun Printing & Pub. Assn.* v. *Mayor, etc., of New York,* 152 N. Y. 257; *People ex rel. Murphy* v. *Kelly,* 76 N. Y. 475; *Matter of Application of Mayor, etc., of New York,* 99 N. Y. 569; *Horton* v. *Andras,* 191 N. Y. 231.)

*George P. Nicholson, Corporation Counsel (William E. C. Mayer* of counsel), for city of New York, *amicus curiæ.* The purchase or acquisition of real property for an airport or landing field, paid for from the proceeds of the sale of bonds of a city, is a " city purpose " within the meaning of that term as it is used in section 10 of article 8 of the Constitution. (*Schieffelin* v. *Hylan,* 236 N. Y. 262; *Matter of McAneny* v. *Board of Estimate,* 232 N. Y. 377; *Matter of McCabe* v. *Voorhis,* 243 N. Y. 401.)

*George A. Reilly, Corporation Counsel (Robert R. Reed* of counsel), for city of Albany, *amicus curiæ.* The establishment of an airport or landing field is a " city purpose " within the meaning of section 10 of article 8 of the State Constitution. (*Wichita* v. *Clapp,* 263 Pac. Rep. 12; *State* v. *Johnson,* 220 N. W. Rep. 273; *State* v. *Cleveland,* 160 N. E. Rep. 241; *Sun Printing, etc., Assn.* v. *Mayor, etc.,* 152 N. Y. 257; *Schieffelin* v. *Hylan,* 236 N. Y. 254; *Fletcher* v. *Hylan,* 125 Misc. Rep. 489.)

CARDOZO, Ch. J. A statute (L. 1928, ch. 647, amending General Municipal Law, Consol. Laws, ch. 24) authorizes the cities of this State to establish, construct, equip, maintain and operate airports or landing fields for aeroplanes and other aircraft. The local legislative body may regulate the use and establish fees or charges.

The city of Utica, acting under this statute, has contracted to buy 295 acres of land to be used as an airport, and has authorized its officers to issue its corporate bonds in the sum of $120,000 to pay the purchase price.

The Constitution of New York (Article VIII, § 10) provides that no city shall be allowed to incur any indebtedness except for city purposes.

Plaintiff argues that the acquisition of an airport or landing field is not a city purpose, even if a public one, and that the bonds, if issued, will be void.

We think the purpose to be served is both public and municipal.

A city acts for city purposes when it builds a dock or a bridge or a street or a subway (*Sun P. & P. Assn.* v. *Mayor*, 152 N. Y. 257). Its purpose is not different when it builds an airport (*City of Wichita* v. *Clapp*, 125 Kans. 100). Aviation is today an established method of transportation. The future, even the near future, will make it still more general. The city that is without the foresight to build the ports for the new traffic may soon be left behind in the race of competition. Chalcedon was called the city of the blind, because its founders rejected the nobler site of Byzantium lying at their feet. The need for vision of the future in the governance of cities has not lessened with the years. The dweller within the gates, even more than the stranger from afar, will pay the price of blindness.

The judgment should be affirmed, with costs.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed.