In the Matter of RALPH C. TOBIN et al., Constituting the Board of Trustees of the Seventh Regiment Armory Building in the City of New York, Appellants, against FIORELLO H. LAGUARDIA et al., Constituting the Board of Estimate and Apportionment of the City of New York, Respondents.

Argued September 27, 1937; decided November 23, 1937.

*John F. O'Ryan* and *L. Laurence Liss* for appellants. The appropriation in controversy is a mandatory appropriation as to the amount of which the Board of Estimate has no discretion. (*People ex rel. Conway* v. *Supervisors*, 68 N. Y. 114; *Matter of College of City of New York* v. *Hylan*, 205 App. Div. 372; 236 N. Y. 594; *Matter of Bryant*, 152 N. Y. 412; *Matter of McAneny* v. *Board of Estimate*, 232 N. Y. 377; *Mangam* v. *City of Brooklyn*, 98 N. Y. 585; *People* v. *Gates*, 56 N. Y. 387; *People* v. *Richmond*, 5 Misc. Rep. 26; *People ex rel. Bahn* v. *Supervisors*, 9 Hun, 440; *City of New York* v. *New York City Ry. Co.*, 193 N. Y. 543; *Matter of Chapman* v. *City of New York*, 168 N. Y. 80; *Town of Southampton* v. *Mecox Bay Oyster Co.*, 116 N. Y. 1; *Smith* v. *City of Buffalo*, 90 Hun, 118.)

*Paul Windels, Corporation Counsel* (*James Hall Prothero* and *Paxton Blair* of counsel), for respondents. Only clear warrant of law can operate to divorce control of the public purse from the constituted appropriating body. (*People ex rel. Rand* v. *Craig*, 231 N. Y. 216; *People* v. *Karr*, 240 N. Y. 348; *Munro* v. *State*, 223 N. Y. 208; *Peterson* v. *Martino*, 210 N. Y. 412; *Heckmann* v. *Pinkney*, 81 N. Y. 211.)

Hubbs, J. The Seventh Regiment (107th Infantry) of the National Guard since 1879 has occupied as an armory a building which stands on ground leased by the city of New York to the petitioners, who are the field officers of the regiment and comprise the board of trustees of the building with corporate powers conferred by legislative grant. The building was in the main constructed by the regiment with funds donated. When the building was nearly completed, a special act (Laws of 1879, ch. 57) authorized the issuance of bonds for $150,000 upon security of the building and lease, and directed the Board of Estimate and Apportionment, in lieu of rental, to appropriate and pay over to the trustees of the building $15,000 annually to be used by them in paying the interest and principal of the bonds. The bonds having been paid, the Legislature, by chapter 518 of the Laws of 1893, reduced the amount to be appropriated to an amount " not exceeding eight thousand dollars, as an equivalent, and in lieu of the rental for an armory for said regiment, as may be required by the trustees of the * * * building, which sums so appropriated shall be paid to the said trustees * * * and *applied by them to the preservation, maintenance and improvement of the * * * building * * *.*" (§ 2.)

The act of 1893 required the trustees to report to the Board of Estimate and Apportionment such sum or sums " as they may require for the payment of the charges and expenses of repairing, altering, maintaining and improving said building and the several parts and appurtenances thereof " and to report the expenditures to the Comptroller annually, giving " the specific purposes for which such moneys have been expended * * *." The same act further provided " the said armory shall be subject to the provisions of the military code." The Military Code was adopted at the same session, being chapter 559 of the Laws of 1893.

Likewise section 230 of the City Charter (Laws of 1897, ch. 378) requires the Board of Estimate and Appor-

tionment to appropriate a sum not exceeding $8,000 annually to be paid to the said trustees " to be applied to the preservation, maintenance and improvement of said armory building, as provided in chapter five hundred and eighteen of the laws of eighteen hundred and ninety-three."

Appropriations of $8,000 annually were requested and paid to and including the year 1934. In 1935 a like appropriation was requested but not made. Thereupon this mandamus proceeding was instituted. Subsequent to commencement of the proceeding $1,000 was appropriated.

The defense, briefly stated, is that $30,530.81 had been appropriated under the Military Law (Cons. Laws, ch. 36) to the Armory Board for the regiment. Of that sum it appears $27,387.81 was for personal service and $3,143 for other than personal service, and of which last item only $140 was for repairs and replacements. It is urged that the Military Law has superseded the laws above referred to and quoted; that appropriation of the further sum requested would amount to a duplication of payments; that some of the items were not for lawful expenditures under the Military Law, and if the Military Law be not held to repeal the older statutes, the extra $1,000 subsequently appropriated satisfied the requirements of chapter 518 of the Laws of 1893 and section 230 of the Charter.

At the trial, for the purpose of avoiding expense and simplifying the question to be passed upon, the petitioners stipulated that the court might find " that the aforesaid appropriations [$30,530.81 to the Armory Board and $1,000 to the petitioners] made for the year 1935 were adequate for the care, preservation, maintenance and improvement of the said armory building for said year."

With such stipulation in the record the petitioners moved for a directed verdict on the ground that the facts so stipulated were irrelevant, that petitioners were entitled to mandamus by virtue of the fact that the charter provision has not been superseded by the Military

Law, and that the charter provision leaves no discretion in the Board of Estimate and Apportionment as to the amount to be appropriated.

Petitioners moved for a peremptory order. The Special Term denied the motion but granted an alternative order. On appeal, the Appellate Division affirmed. Respondents then filed a return. The question of adequacy of the $1,000 appropriation made pursuant to section 230 of the Greater New York Charter was tried as an issue of fact, and on that trial the stipulation above referred to was made. The determination was against the petitioners. Petitioners moved under rule 112 of the Rules of Civil Practice to dismiss the return on the ground that it was insufficient in law upon the face thereof. That motion was likewise denied by the Special Term and affirmed by a divided court. No opinions were written in the Appellate Division. The court at Special Term on the first motion denied the motion for a peremptory writ on the ground that, the city having appropriated $30,530.81 for the preservation and maintenance of the 107th Infantry Armory under the Military Law and an additional $1,000 pursuant to the provisions of section 230 of the Greater New York Charter, it did not clearly appear that the entire sum of $8,000 authorized to be appropriated in lieu of rental was required for the " preservation, maintenance and improvement of the armory building."

The stated conclusion of the Special Term upon dismissal of the petition for a mandamus order after trial of the issue of fact and direction of a verdict for respondents was that it could not ignore the previous determination of the court in allowing an alternative mandamus and hold that the court was free to reconsider the order denying a peremptory mandamus and granting an alternative one.

We have reached the conclusion that section 230 of the charter has not been repealed by implication by the enactment of the Military Law, which makes general

provision for the maintenance of the National Guard and for the rental and maintenance of its quarters. The stipulation applied only to the year 1935 and is not determinative of the issue as to whether the Charter section has been repealed by implication or as to whether the Board of Estimate and Apportionment is vested with power to determine the amount required for preservation, maintenance and improvement of the building in question or whether that power remains vested in the board of trustees of the building.

The Legislature, in 1879, in providing for the $15,000 rental, provided that the Seventh Regiment new armory when completed and occupied be subject to the provisions of the Military Code relating to armories, and provided also in the 1893 act, which specified a sum not exceeding $8,000 in lieu of rental, nothing " herein contained shall affect, modify or qualify the authority of the commanding officer of the regiment for which said armory has been provided; and the said armory shall be subject to the provisions of the military code relating to armories and to the rules and regulations prescribed by the proper military authorities for other regimental armories in the city of New York."

The fact remains that the Board of Estimate and Apportionment is authorized by the 1893 act and by section 230 of the Charter is directed to include in its final estimate a sum not exceeding $8,000 as an equivalent and in lieu of rental, to be paid to the trustees to be applied to the preservation, maintenance and improvement of the building in question and the amount to be appropriated therefor, within the limit specified, is by the 1893 act left to the determination of the trustees of the building. The statute subjects the building to the general provisions of the Military Law, it recognizes the ownership by the regiment of the particular building and specifies a rental, with the administration of that rental left to the trustees of the building. The Military Law recognizes

that some buildings are owned by the city and that some are rented. It provides for the maintenance by the Armory Board of city owned buildings and for the payment of rental as to other buildings. The very fact that the Military Law provides for the rental of buildings not owned by the city would seem to refute any argument that there was a legislative intent to nullify the statute fixing the rental on this building or to take from the trustees of the building the right given them by the earlier act to specify the amounts they may require for its preservation, maintenance and improvement. The argument that there may be duplication of appropriations for repairs and improvements is hardly sound unless there be imputed to the Board of Estimate and Apportionment and to the Armory Board a failure to perform their duties under the Military Law. If the board of trustees of the building expend sums out of the amount appropriated in lieu of rental for the preservation, maintenance and improvement of the building, the money which that board expends will not have to be appropriated under the Military Law. The board of trustees of the building may determine to make repairs and improvements and expend sums for maintenance which the Armory Board might not expend. That is a right given to the board of trustees of the building under the 1893 act and the City Charter and that right has not been taken from them either directly or by implication.

The board of trustees is required as a preliminary to the making of the appropriation by the Board of Estimate and Apportionment to report the sum or sums " they may require for the payment of the charges and expenses of repairing, altering, maintaining and improving said building and the several parts and appurtenances thereof."

In doing that for the year in question, they included insurance on certain personal property, including pictures, tapestries, etc., which respondents say are items of personal property owned by the regiment, and certain

additional telephone service. These two items total $788.75 and $286 respectively. It is contended that these are not items properly payable out of rental. That is a question to be determinated in the first instance by the Board of Estimate and Apportionment but affords no reason for rejecting the amount requested by the trustees of the building in its entirety or limiting the amount appropriated to $1,000.

Under the provisions of the statute, the board of trustees of the building is entitled to an appropriation of not exceeding $8,000 a year, to be applied to the " preservation, maintenance and improvement " of the building in question and the several parts and appurtenances thereof. Within the limit specified, the board of trustees of the building is clothed with discretionary powers as to the amount to be requisitioned for the purpose. If additional amounts are necessary to be expended for the same purposes, such additional expenditures are within the discretion of the Armory Board and the Board of Estimate and Apportionment. The Board of Estimate and Apportionment is vested with the power to refuse such amounts as petitioners may report as necessary unless it appears on the face of their request for such amounts that the sum is needed for the purposes specified in the statute, i. e., for " payment of the charges and expenses of repairing, altering, maintaining and improving said building and the several parts and appurtenances thereof."

The Board of Estimate and Apportionment is not vested with the power to refuse such amounts as petitioners may report as necessary up to $8,000 unless it appears on the face of their request for such amounts that items have been included not within the authority granted to the board of trustees by statute. This proceeding relates back to the requisition of requirements for the year 1935, made before the Board of Estimate and Apportionment had appropriated $1,000 plus additional

sums under the Military Law. Even though the petitioners have stipulated that the appropriations subsequently made were sufficient, they have not stipulated that the sums would not have been necessary but for the subsequent appropriations; they have not stipulated that an appropriation made to the Armory Board is in satisfaction of the obligation on the part of the Board of Estimate and Apportionment to appropriate to the board of trustees the amount required for the maintenance, alteration, repair and improvement of the building for the year in question.

It was clearly the purpose of the Legislature to recognize that the building in question is owned by the regiment and to leave in its board of trustees the power to maintain it and require the Board of Estimate and Apportionment to appropriate $8,000 each year for that purpose.

The order of the Appellate Division and of the Special Term denying a peremptory order of mandamus requiring the Board of Estimate and Apportionment to appropriate the sum of $8,000 for the purposes specified should be reversed, with costs, and the motion therefor by petitioners granted, the sum to be appropriated to be $8,000, less the sum of $1,000 heretofore appropriated, and less either or both of items amounting to $788.75 for insurance on pictures, tapestries, etc., and $286 for additional telephone service alleged to have been included in petitioners' estimate as submitted to the Board of Estimate and Apportionment for the year in question in the event such item or items shall be determined by the Board of Estimate and Apportionment not within the purposes for which appropriation is authorized by statute.

The orders of the Appellate Division and those of the Special Term should be reversed and the motion for a peremptory order of mandamus granted, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.