CITY OF ALBANY, Plaintiff, *v.* LEONARD BOL, JR., and KATHERINE M. J. BOL, His Wife, THE FEDERAL LAND BANK OF SPRINGFIELD, FEDERAL MORTGAGE CORPORATION, Also Known as the LAND BANK COMMISSION, HERMAN BROWNSEY and ESTHER L. BROWNSEY, His Wife, ROBERT O. A. HELLWIG and ADA A. H. HELLWIG, His Wife, ANNA R. SCHULTZ, WILLIAM EMERICK, JR., JOSEPH H. BODE, HAVELOCK PRIMETT and LILLY PRIMETT, His Wife, and THE PEOPLE OF THE STATE OF NEW YORK, Defendants.

Supreme Court, Special Term, Albany County, May 2, 1940.

*Joseph J. Casey,* for the plaintiff.

*J. F. Lucey*, for the defendants Robert O. A. Hellwig and Ada A. H. Hellwig, his wife.

*Scheiberling & Schneider*, for the defendant Anna R. Schultz.

MURRAY, J.· The city of Albany, plaintiff herein, together with other relief requested, prays for a judgment of condemnation as to certain real property situated within the town of Colonie, county of Albany. The reason for this petition is that the city of Albany is desirous of enlarging its present municipal airport, located within the town of Colonie, to the extent that runways of larger size may be erected to accommodate the larger passenger planes now in existence, and to meet the objection of the Civil Aeronautics Authority that the present runways are inadequate for the reception of these large commercial planes, which have become an important unit of transportation. Specific objection to the prayer for the judgment of condemnation as to the real property is made by the answer of the defendants Robert O. A. Hellwig and Ada H. Hellwig, his wife, owners of a certain parcel adjoining the airport, and sought to be condemned after proper appraisal. Their position is that the city of Albany, in the present instance, is exceeding its statutory authorization granted by chapter 169 of the Laws of 1928, known as article 14 of the General Municipal Law. They contend that section 350 of the General Municipal Law, by its terms, allowed the erection of an airport, but contains no positive provision, right or authority to extend or enlarge the airport after its original construction.

The court cannot agree with this tight and unreasonable construction and interpretation of the statute. What an absurdity will result if a city, after the erection of an airport, is compelled to stay within the original boundaries and be prohibited from extension as demanded by the public use and need, unless in each effort to keep apace with the normal changes of progress it is compelled to resort to the cumbersome procedure of seeking legislative sanction. Statutes must be interpreted from a practical viewpoint and construed in such a manner as to effectuate the ultimate purpose intended by the enactment of the legislation. The right to extend is a necessary attribute to the original delegation of the legislative power of condemnation.

To rule in accord with the contention of the defendants so named would frustrate the intent of the statute, stamp it as momentary legislation, and decree it to be sterile, lifeless and inanimate. From the nature of aviation transportation it is imperative that the statute be flexible to a reasonable extent and judicially allowed to obtain the results obviously sought by the legislation.

Judge CARDOZO, in his eternal wisdom and foresight, apparently anticipated similar objections as herein and promulgated a rule to be applied to this legislation, stating: " Aviation is today an established method of transportation. The future, even the near future, will make it still more general. The city that is without the foresight to build the ports for the new traffic may soon be left behind in the race of competition. Chalcedon was called the city of the blind because its founders rejected the nobler site of Byzantium lying at their feet. The need for vision of the future in the governance of cities has not lessened with the years. The dweller within the gates, even more than the stranger from afar, will pay the price of blindness." (*Hesse* v. *Rath*, 249 N. Y. 436.)

Therefore, the situation herein, with the method of interpretation applied as outlined above, comes within the intent and terms of the statute. Section 350 of the General Municipal Law reads: " (1) The local legislative body of a city, * * * may determine *to establish, construct, equip, maintain* and *operate*," etc.

Section 351 of the General Municipal Law reads: " Real property *needed* * * * shall be acquired, by purchase, * * * and otherwise, by condemnation," etc. (Italics mine.)

These general words so italicized and the reading of these two sections together, in the opinion of the court, confer the statutory power of condemnation to such an extent as to allow that power to be exercised to enlarge or extend.

The petition shows that this proceeding has been duly authorized and directed by the common council of the city of Albany, and this body, in accord with the statute (Gen. Mun. Law, art. 14), has determined the need for real property to extend the airport to meet changing conditions.

Whether the public exigency requires the taking of private property for public use is a legislative question, the determination of which by the Legislature is, generally speaking, final and conclusive. Whether the use for which such taking is authorized is a public use is a judicial question for the determination of the court. (*Matter of City of Rochester* v. *Holden*, 224 N. Y. 386.)

The Court of Appeals has decided that the original taking herein is for a public use. (*Hesse* v. *Rath*, *supra*.) The common council, pursuant to the delegation of the legislative power and authority, has determined the public exigency for taking the property herein.

The answer of the defendant Anna R. Schultz and the other denials of the defendants Robert O. A. Hellwig and Ada A. H. Hellwig, his wife, interposed in their answer, do not put in issue any material fact. The petition effectively shows that the plaintiff, in good faith, negotiated for the purchase of the properties herein.

and sets forth adequate reasons to show the inability to agree with the owners of the real property. Sufficient and substantial reasons are set forth in the petition for the petitioner-plaintiff to immediately enter upon the property.

The allegation in the answer of the defendants Robert O. A. Hellwig and Ada A. H. Hellwig, his wife, constraining the specific objection as to statutory authority discussed herein, is stricken out. The prayer of the plaintiff is granted in its entirety.

Judgment accordingly.