In the Matter of RALPH C. TOBIN et al., Constituting the Board of Trustees of the Seventh Regiment Armory Building in the City of New York, Appellants, against FIORELLO H. LAGUARDIA et al., Constituting the Board of Estimate of the City of New York, Respondents.

Argued December 1, 1942; decided March 11, 1943.

*William C. Chanler, Corporation Counsel* (*Seymour B. Quel* and *Hortense M. Wittstein* of counsel) for respondents.

*John F. O'Ryan* and *Charles H. George* for appellants.

LOUGHRAN, J. This is a proceeding under article 78 of the Civil Practice Act. The petitioners are the Board of Trustees of the Seventh Regiment Armory Building in the city of New York. The defendants are the Board of Estimate of the city. In prior litigation between the parties, the defendants were ordered to pay to the petitioners moneys for the care and maintenance of the building of the regiment (276 N. Y. 34; 283 N. Y. 678.) The present petition demands a peremptory order directing the defendants to appropriate and pay to the petitioners the sum of $19,300 as the reasonable expenses necessarily incurred by them in the conduct of the earlier litigation, plus accrued interest to September 1, 1941, of $3,616.35.

This demand is predicated upon section 70-a of the General Municipal Law (added L. 1941, ch. 573.) It is thereby provided: " *Liability for expenses incurred in enforceing lawful required*

*payment of moneys to state agencies.* Notwithstanding any inconsistent provision of this chapter or of any law, general, special or local, whenever any municipal corporation is required by law to provide and pay any moneys to a corporate or other agency or instrumentality of the state for a public purpose, any reasonable expenses necessarily incurred by such an agency or instrumentality in compelling or enforcing by judicial proceeding payment to it of such moneys shall be a charge against such municipal corporation and such municipal corporation shall be liable therefor and shall pay the amount thereof upon certification and approval by the attorney-general, to such agency or instrumentality, provided vouchers therefor, properly certified and approved as required by this section, shall be presented to and filed with the chief fiscal officer of the municipal corporation within six months after final determination of such judicial proceedings in the case of any such expenses hereafter incurred, and in the case of any such expenses heretofore incurred within six months after this section as hereby added takes effect. The provisions of this section shall apply to and in the case of such expenses heretofore incurred subsequent to January first, nineteen hundred thirty-two, by such a state agency or instrumentality.''

Pursuant to these provisions, the petitioners presented to the Attorney-General their verified claim against the city for $22,916.35. On October 2, 1941, the Attorney-General executed the following instrument:

'' KNOW ALL MEN BY THESE PRESENTS, that I, JOHN J. BENNETT, JR., Attorney-General of the State of New York, do hereby certify that I have examined the attached claim of the Board of Trustees of the Seventh Regiment Armory Building against the City of New York, for expenses necessarily incurred by said Board of Trustees in enforcing, by judicial proceeding, payment of moneys required by law to be paid to it for a public purpose by the City of New York, to wit: Eight Thousand Dollars ($8,000) per annum in lieu of rent for the years 1935, 1936, 1937, 1938, 1939 and 1940, for the armory of said regiment at 66th and 67th Streets and Fourth and Lexington Avenues, New York, N. Y.; the vouchers, consisting of cancelled checks and receipted bills, attached thereto, and the documents offered in proof of the reasonableness of such

expenses, all being presented to me pursuant to the provisions of Chapter 573, Laws of 1941.

" I further certify that, in my opinion, the attached claim and vouchers represent the reasonable expenses necessarily incurred by said Board of Trustees in compelling or enforcing, by judicial proceeding, payment of the moneys required by law to be paid to it for a public purpose, as described in said claim, and I hereby approve said claim and its payment.

" WITNESS my hand and seal of office this 2nd day of October, 1941.

" JOHN J. BENNETT, JR. (L.S.)<br>
Attorney-General "

The original of this determination and copies of the documents therein referred to were filed by the petitioners with the Comptroller of the city on October 6, 1941. He asked them to itemize their claim. They replied that payment was made mandatory by the statute. More than thirty days having thereafter elapsed without other result, this proceeding was commenced.

Special Term dismissed the petition on the ground that the provisions of section 70-a " were not intended to impose any limitation or disability upon the city's right to audit the claim or contest the reasonableness of the amount thereof." (178 Misc. 567, 569.) The Appellate Division affirmed by a vote of three to two. We now have the case on this further appeal by the petitioners.

(1) The statute does not speak of any audit by a fiscal officer of the expenses thereby charged against municipal corporations. Contrariwise it says that the amount of such a charge — as certified and approved by the Attorney-General — shall be paid by the municipal corporation answerable therefor. Moreover, the statute directs that this course shall be pursued notwithstanding any inconsistent provision of any law, general, special or local.

There is no escape from words so plainly used. The power thereby exclusively conferred on the head of the law department of the State is scarcely less than power to hear and examine and thereupon to allow or to reject — i. e., power to audit. The provision for the filing of vouchers attests the same idea. The Attorney-General is in that form to confirm

the items of the claim in aid of the convenience of the local disbursing authority and for the protection of the public. Legislation of this kind is nothing new (29 Amer. & Eng. Encyc. of Law, 2d ed., pp. 1079, 1080, 7 C. J. S. p. 1274.) The propriety thereof is in this instance quite apparent. Power to adjudicate the amount to be paid by a municipal corporation in consequence of its resistance to a lawful demand could not be left to its own fiscal officer without making him the judge of the case against his principal. That power was here not suffered to stand: it was unmistakably displaced. (Cf. *People ex rel. Rand* v. *Craig,* 231 N. Y. 216.)

We hold, then, that the Comptroller of the city had no jurisdiction to pass upon the reasonableness of the award made by the Attorney-General to the petitioners.

(2) In their status as the Board of Trustees of the Seventh Regiment Armory Building, they hold this building " solely and exclusively for the public purposes of the said regiment," and are " charged with the duty of maintaining and improving the same for the public purposes of said regiment " (L. 1893, ch. 518). It is clear enough that as such trustees the petitioners are an " agency or instrumentality of the state for a public purpose " within the meaning of section 70-a.

(3) The retroactive provisions of the statute are challenged by the city as an attempt to authorize the employment of municipal funds in furtherance of private enterprise contrary to section 1 of article VIII of the Constitution of the State. We cannot adopt this assumption of the absence of any honorary or other obligation of a municipal corporation to reimburse a State agency for reasonable expenses necessarily incurred in the enforcement of payment to the agency of moneys lawfully due from the corporation for a public purpose. As we read the authorities, the statute is well within the legislative province to compel public corporations to discharge moral duties. (See 1 Dillon on The Law of Municipal Corporations, [5th ed.] § 123; 1 Cooley on Constitutional Limitations [8th ed.] p. 486 *et seq.*)

(4) Nor can we follow the city on the proposition that as here applied the statute offends the constitutional prohibition of municipal indebtedness for non-municipal purposes. (State Const., art. VIII, § 2.) The housing of the Seventh Regi-

ment within the city conduces to the maintenance of law and order among its people. Such primary local effect is more than sufficient to make a public purpose municipal in character. (See 3 Dillon on The Law of Municipal Corporations, [5th ed.] § 1293.)

(5) Interest allowed to the petitioners was computed by them at the rate of six per cent from the date of accrual of the claim (October 2, 1941), instead of at the applicable four per cent rate prescribed by section 3-a of the General Municipal Law. The amount of the interest item is to be revised accordingly, as the petitioners concede.

The orders should be reversed and the matter remitted to the Special Term for further disposition not inconsistent with this opinion, without costs.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Orders reversed, etc. (See 290 N. Y. 743.)