In the Matter of RALPH C. TOBIN et al., Constituting the Board of Trustees of the Seventh Regiment Armory Building in the City of New York, Petitioners, against WILLIAM O'DWYER et al., Constituting the Board of Estimate of the City of New York, Respondents.

Supreme Court, Special Term, New York County, March 18, 1946.

*John F. O'Ryan* and *Charles H. George* for petitioners.

*John J. Bennett, Corporation Counsel* (*William S. Lebwohl* of counsel), for respondents.

WALTER, J.   The trustees of the Seventh Regiment Armory Building here apply for an order compelling the Board of Estimate of the City of New York to amend the city budgets for the fiscal years beginning July 1, 1943, and July 1, 1944, so as to provide for the payment to them of $8,000 as of January 1, 1943, and $8,000 as of January 1, 1944, required by them for the care, preservation, maintenance and improvement of said building.

Similar applications for prior years were before the courts and granted in *Matter of Tobin* v. *LaGuardia* (276 N. Y. 34) and *Matter of Tobin* v. *LaGuardia* (283 N. Y. 678).

The earlier of those cases held that chapter 518 of the Laws of 1893 and section 230 of the City Charter (L. 1897, ch. 378) require the city to make such payments and that such requirement was not repealed by the Military Law (L. 1909, ch. 41).

The second of those cases held that such requirement was not repealed by section 117(7)–1.0 of the Administrative Code of the City of New York.

The simple question now presented is whether the requirement has been repealed by chapter 932 of the Laws of 1942 by which there was a general revision of article IX of the Military Law.   Under that revision the State unquestionably assumed the general burden formerly cast upon localities of administering and paying for the maintenance of armory headquarters for the State military forces, and section 35 of said chapter 932 expressly provides that " Notwithstanding any provision of any general, special or local law, no city hereafter shall be compelled to make any appropriation for the support, maintenance, preservation or improvement of any armory where such expense is a state charge pursuant to the provisions of the military law."

The precise question here presented thus is whether the requirement of this particular $8,000 for this particular armory has been made a State charge.

In a careful, formal opinion, the Attorney-General of the State has held that it has not been made a State charge (1944 Atty. Gen., 102–105).

I see no reason for differing from that view of the Attorney-General; but even if there were more doubt on the point than

I feel, practical considerations of convenience and justice would dictate that I here acquiesce in the Attorney-General's opinion rather than absolve the city and thereby subject petitioners to the hazard of losing all remedy unless they can hereafter persuade some court to hold, contrary to the Attorney-General's opinion, that this particular $8,000 payment has been made a State charge.

The motion is accordingly granted. Settle order.