Isadore Bookstein, J.
Article 126 of the Education Law was enacted by chapter 696 of the Laws of 1948. The article permits a county, as a sponsor, to establish a community college. Pursuant thereto, the County of Rensselaer, in October, 1953 established such a college, known as Hudson Valley Technical Institute.
*1083 Article 126 provides State aid for community colleges to the extent of one half of capital cost and one third of operating costs, subject to certain maximum limitations and regulations. (Education Law, § 6304, subd. 1, par. a; L. 1955, ch. 769.)
As to operating costs, the State bears one third; the sponsoring county one third and the students one third in tuition fees.
On or about July 9, 1957, the Board of Supervisors passed a resolution for the acquisition of certain real property and the construction and equipment of buildings thereon as a campus for the Hudson Valley Technical Institute at a total estimated cost of not exceeding $3,260,250 and providing for the financing of the county’s share thereof, estimated to be $1,630,125, by the issuance of $1,548,000 serial bonds and $82,125 capital notes of the County of Rensselaer.
Plaintiffs, taxpayers of the County of Rensselaer, challenge the constitutionality of the Community College Law and the validity of the foregoing resolution.
Section 2 of article VIII of the Constitution provides that “ no county * * * shall contract any indebtedness except for county * * * purposes ”,
Section 1 of article VIII of the Constitution prohibits any county from giving or loaning any money or property or loaning its credit to any individual, etc.
It is the contention of plaintiffs that both the Community College Law (Education Law, art. 126), and the foregoing resolution are in violation of the constitutional provisions heretofore referred to.
The quarrel of plaintiffs appears not to be with the division of operating costs, to wit, one third to be borne by the State; one third to be borne by the county; and one third to be borne by the students, by way of tuition. Their quarrel is with the division of capital costs, to wit, one half by the State and one half by the county.
As to the latter they contend that if the resident student body is less than one half of the total, then the difference between 50% of capital cost and the ratio of Rensselaer County students to the total student body (if less than 50%) produces a situation whereby Rensselaer County is paying a higher percentage of capital cost than the percentage of. Rensselaer County students in attendance; that to the extent of such unpredictable excess, if any, the cost is not for a county purpose, since, to that extent, residents of Rensselaer County are not beneficiaries, but out-of-the-county and out-of-the-State students, whose tuition contributes equally with Rensselaer County residents to the one third of maintenance costs are *1084 beneficiaries of the excess capital cost borne by the county. Actually there is no certainty that Rensselaer County residents may not equal or exceed 50% of the student body.
It must be borne in mind that Rensselaer County residents are eligible for entrance to community colleges in other counties in which county residents of such counties may also be less than 50% of the student body, in which case the residents of the County of Rensselaer are the beneficiaries of contributing only one third for maintenance, whereas the local taxpayers of such county are also paying 50% of construction cost. Ultimately there may be no disparity at all, when the reciprocal situations are measured and balanced. In any event, it does not seem that the constitutionality of the Community College Law can hang on so slender a thread as is envisioned by the possibilities of what percentage out of the total student body are resident students. (Gordon v. Cornes, 47 N. Y. 608; Matter of Tobin v. La Guardia, 290 N. Y. 119; Matter of Bryant, 152 N. Y. 412.)
Moreover, the Legislature has decreed that when a county sponsors a community college, the expenditures of the county for the college, shall be a purpose of the county. (Education Law, § 6304, subd. 1, par. b.)
In the light of that enactment and of the decisional law in this State, this court is of the opinion that article 126 of the Education Law is constitutional and that the resolution of the Rensselaer County Board of Supervisors is valid. (Gordon v. Cornes, supra; Matter of College of City of N. Y. v. Hylan, 205 App. Div. 372, affd. 236 N. Y. 594; Hesse v. Rath, 249 N. Y. 436.)
Motions of defendants for judgment on the pleadings granted.
Submit order.