In the Matter of the Application of the CITY OF
ROCHESTER, Appellant, to Acquire Certain Lands in
the Town of Canadice Belonging to ALEXANDER
M. HOLDEN et al., Respondents.

**Condemnation proceedings — Rochester (city of) — certain
provisions of charter for taking lands for municipal pur-
poses outside of city do not afford the landowners the
impartial tribunal required by law.**

1. Two fundamental principles underlie the exercise of the right
of eminent domain. The one, the obligation to make just compensa-
tion for the property taken attaches to the exercise of the power to
take it, even though it were not constitutionally created. The other,
the legislature must provide an impartial and disinterested tribunal
to ascertain the amount of the compensation and a reasonable oppor-
tunity for the parties interested to be heard before such tribunal.

2. The empowerment of the common council of the city of Rochester
(L. 1907, ch. 755, § 89 to conclusively determine that lands, which
are without the city, are necessary for municipal purposes does not
violate the provisions of the Federal Constitution that no person
shall be deprived of property without due process of law. Whether
the public exigency requires the taking of private property for
public use is a legislative question, the determination of which by
the legislature is, generally speaking, final and conclusive. Whether
the use for which such taking is authorized is a public use is a judicial
question for the determination of the court. This provision of the
charter is valid.

3. The requirement of the charter (§ 438) that if the real estate
sought to be taken for public purposes is without the city one of the
three commissioners, at least, must be a resident and freeholder
of the city of Rochester, does not make for impartiality in determining
the compensation. The enactments (§§ 438, 442, 444, 446) that the
commissioners must report to the common council; that the common
council must assign a time for hearing objections to the confirmation
of the report, and at the time assigned must hear the allegations
of all persons interested who appear, and may take proof in relation
thereto from time to time, and may confirm, disapprove or reject the
report; that any person aggrieved by the report or award of the
commissioners may, within thirty days after the confirmation of the
common council, appeal therefrom to the Appellate Division of the

Supreme Court and must file the prescribed bond; that the city within thirty days after the disapproval of the report by the common council may appeal therefrom to the Appellate Division of the Supreme Court, and withholding that right from the landowners, do not afford the landowners the impartial tribunal required by law.

*Matter of City of Rochester* v. *Holden*, 184 App. Div. 925, affirmed.

(Argued October 1, 1918; decided November 12, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 7, 1918, which reversed an order of Special Term appointing commissioners of appraisal in condemnation proceedings and dismissed the proceeding.

The facts, so far as material, are stated in the opinion.

*B. B. Cunningham, Corporation Counsel,* for appellant. The Constitution requires that commissioners to ascertain compensation for property taken for public use shall be appointed by a court of record. The Constitution does not make it necessary that the report of the commissioners shall be confirmed by a court or that a right to appeal therefrom shall be given. The mode of procedure in condemnation proceedings may be determined by the legislature. Under the Rochester charter the report of the commissioners is sent to the common council so that that body may determine whether the city will accept the award or will discontinue the proceeding. A municipality has the right to discontinue the proceeding at any time before the right to the award becomes vested. (*Matter of City of New York,* 127 App. Div. 650; 193 N. Y. 658; 34 App. Div. 468; *People ex rel. Wynne* v. *Morris,* 143 App. Div. 293; *People ex rel. Gas Light Co.* v. *Common Council,* 78 N. Y. 56; *Matter of Washington, Park,* 56 N. Y. 144; *Matter of Military Parade Ground,* 60 N. Y. 319; *Matter of Mayor, etc., of New York,* 99 N. Y. 570; Lewis on Em. Domain [3d ed.], § 771; *Schneider* v. *City of Rochester,* 160 N. Y. 165.) An appeal in a condemnation proceeding is not a matter of

right. The legislature has the power to make the report of the commissioners final and conclusive without any further action or review by the courts. (*People ex rel. Gas Light Co. v. Common Council*, 78 N. Y. 56; *Matter of P. P. & C. I. R. R. Co.*, 85 N. Y. 489; *People ex rel. Eckerson v. Trustees*, 151 N. Y. 75.) The question of the necessity of taking lands for a public use is one of political administration and the power to determine such necessity may be delegated by the legislature to the public or private corporation or other body which is authorized to exercise the right of eminent domain. (*People v. Smith*, 21 N. Y. 595; *Matter of Wilcox*, 213 N. Y. 218; *Matter of City of Buffalo*, 189 N. Y. 163; *Matter of Fowler*, 53 N. Y. 60; *Matter of Public Service Commission*, 217 N. Y. 61; *People v. Smith*, 21 N. Y. 595; *Matter of Vil. of Middletown*, 82 N. Y. 196; *Matter of City of New York*, 116 App. Div. 801; *Matter of Gilroy*, 32 App. Div. 216; *Matter of Mayor, etc.*, 99 N. Y. 570; *Matter of Church*, 92 N. Y. 1.) The legislature has the power to prescribe qualifications of commissioners. (*Matter of Mayor, etc.*, 99 N. Y. 570; *Matter of Church*, 92 N. Y. 1; *Matter of Simmons*, 166 App. Div. 752; *People v. Dunn*, 157 N. Y. 528; *Matter of Village of Middletown*, 82 N. Y. 196; *Skaneateles Water Works v. Village of Skaneateles*, 161 N. Y. 154.)

*James S. Havens* for respondent. The provisions of the charter of the city of Rochester relating to the condemnation of lands outside the city are in violation of section 6 of article 1 of the State Constitution. (*Rochester v. Bloss*, 77 App. Div. 33; 173 N. Y. 686; *Economic P. & C. Co. v. City of Buffalo*, 195 N. Y. 286; *Sun Mut. Ins. Co. v. Mayor, etc.*, 8 N. Y. 241; *People ex rel. Rochester v. Briggs*, 50 N. Y. 553; *People ex rel. Lee v. Supervisors*, 43 N. Y. 10; *Harris v. People*, 59 N. Y. 599; *People ex rel. Burroughs v. Brinkerhoff*, 68 N. Y. 259; *Matter*

*of Mayor, etc., of New York,* 99 N. Y. 569; *Louisiana v. Pillsbury,* 105 U. S. 278; *Willis v. City of Rochester,* 219 N. Y. 427.)   The provision of the charter permitting the common council to determine the question of necessity without notice to the landowners violates the due process provision of the fourteenth amendment to the Federal Constitution and of section 6 of article 1 of the State Constitution.  .It also violates section 7 of article 1 of the State Constitution relating to the appointment of commissioners:   (*Schneider v. City of Rochester,* 160 N. Y. 165; 208 N. Y. 188; *Washington Ins. Co. v. Price,* Hopkins Ch. 1; *Stewart v. Palmer,* 74 N. Y. 183; *Ward v. Boyce,* 152 N. Y. 191; *People v. Sickles,* 156 N. Y. 541.)

COLLIN, J.   The city of Rochester, the appellant here, under and by virtue of provisions of its revised or re-enacted charter (Laws of 1907, chapter . 755) applied to the Special Term of the Supreme Court for the appointment of commissioners to ascertain and report the compensation which Alexander M. Holden and his wife, the respondents here, were entitled to as owners of lands to be taken by the city for municipal purposes.   The Special Term, after a hearing, granted the application and appointed three persons commissioners.   The Appellate Division, upon the appeal of the landowners, reversed the order and dismissed the proceedings upon the grounds that certain of the enactments of the charter, invoked by the city or involved in the proceeding, were violative of provisions of the Constitution of the state or of the United States.

The respondents own lands in the town of Canadice, Ontario county, New York.   The lands are not within the city of Rochester.   The city of Rochester desired, and was unable, to acquire by purchase the lands for municipal purposes.   Its charter contained provisions which, if valid, authorized it to acquire them through

the right of eminent domain. (Laws of 1907, chapter 755, sections 88, 89, 436–455.) The city, we have concluded, complied with the requirements precedent to its right to apply for the appointment of commissioners. We have decided, however, that certain of the provisions authorizing the taking of the lands by the city are invalid.

A provision is: "Whenever the common council determines to authorize the purchase of any real estate or rights or easements therein, it must pass an ordinance containing a description of the real estate, rights or easements to be acquired, and declaring its intention to acquire the same and that it deems the same necessary for municipal purposes, and directing the commissioner of public works to purchase the same at a price approved by the board of estimate and apportionment, and directing the corporation counsel in case the commissioner of public works is unable to purchase such real estate, rights or easements at a price approved by the board of estimate and apportionment, to institute condemnation proceedings for the acquirement of the same." (Section 89.) The respondents assert and argue that the empowerment of the common council to conclusively determine that lands, which are without the city, are necessary for municipal purposes violates the provision of the Federal Constitution that no person shall be deprived of property without due process of law. (Articles 5, 14.) In this they err. Whether the public exigency requires the taking of private property for public use is a legislative question, the determination of which by the legislature is, generally speaking, final and conclusive. Whether the use for which such taking is authorized is a public use is a judicial question for the determination of the court. That the taking, in the instant case, is for a public use is not denied. The legislature has the right to designate officers, bodies or tribunals to determine the question of exigency or necessity. The territorial limitations of the general

authority or jurisdiction of the designated tribunal is immaterial. The state has the inherent power to take the private property it requires for the use of the public, wherever it may be located, and in the taking may act directly or through a local agency authorized to exercise its power in whole or in part. (*Board of Water Commissioners* v. *Johnson,* 86 Conn. 151; *Sears* v. *City of Akron,* 246 U. S. 242; *Joslin Manufacturing Co.* v. *Clarke,* 103 Atl. Rep. 935 [Supreme Court of Rhode Island, June, 1918]; *Matter of Application of the Mayor, etc., of N. Y.,* 99 N. Y. 569; *Matter of Application of Fowler,* 53 N. Y. 60; *People ex rel. Herrick* v. *Smith,* 21 N. Y. 595.) The action of the common council, in determining the question of necessity, was within the authority inherent· in and lawfully delegated by the state to it and was conclusive. The provision of the charter under consideration is valid.

It is further enacted: The corporation counsel must cause to be published as prescribed a notice stating, among other things, that an application will be made, at a time specified in the notice, to the County Court of the county of Monroe, or to the Supreme Court at a special term thereof, held in the judicial district in which the real estate sought to be taken is situate, for the appointment of commissioners to ascertain and determine the just compensation to the owners of the real estate; a notice must also be served as prescribed (Section 437); at the specified or the adjourned time, the court " may appoint three commissioners of appraisal who are residents and freeholders of the city if the real estate, rights or easements sought to be taken are situate in the city, and if situate without the city, who are freeholders of the judicial district in which the real estate, rights or easements sought to be taken are situate and at least one of whom is a resident and freeholder of the city, not interested in any of the real estate, rights or easements

sought to be taken nor of kin to any owner thereof or to any person having any estate, right or interest therein or lien, charge or incumbrance therein " (Section 438); the commissioners must, as soon as convenient, make their report to the common council of the city and record a duplicate of it in the office of the clerk of the county in which is the real estate sought (Section 442); the common council upon receiving the report must, at a time to be fixed by them for hearing objections to the confirmation of it, hear the allegations of all persons interested who appear and may take proof in relation thereto and may confirm, disapprove or reject it; in case it is rejected the proceedings shall thereupon be abandoned and discontinued and through the period of the next year the city cannot commence a condemnation proceeding for the acquisition of the same real estate (Section 444); " Any person aggrieved by the report or award of the commissioners may within thirty days after the confirmation by the common council, appeal therefrom to the appellate division of the supreme court, and must file in the county clerk's office, with the notice of appeal, a bond executed by two or more sureties, approved by a judge of the supreme court or the county judge of Monroe county, in the penal sum of one thousand dollars, conditioned for the diligent prosecution of the appeal and for the payment of all costs and charges which may be awarded against the appellant." The city within thirty days after the disapproval of the report by the common council may appeal therefrom to the Appellate Division of the Supreme Court. (Section 446.)

Two fundamental principles underlie the exercise of the right of eminent domain. The one, the obligation to make just compensation for the property taken attaches to the exercise of the power to take it, even though it were not constitutionally created. The power to take private property, contrary to the decision of the

owner, for a public use reaches back of all constitutional provisions. It is, however, a settled principle of universal law that the right to just and equitable compensation for the taking is an inseparable incident to the exercise of the power. The other, the legislature must provide an impartial and disinterested tribunal to ascertain the amount of the compensation, and a reasonable opportunity for the parties interested to be heard before such tribunal. The proceeding is judicial in its character, and a party in interest is entitled to have an impartial tribunal and the usual rights and privileges which attend judicial investigations. Due process of law, within the constitutional meaning of the term, requires notice and an opportunity to be heard before such a tribunal. The provisions of the Constitution of the state are in accord with those principles. They are: " When private property shall be taken for any public use, the compensation to be made therefor, when such compensation is not made by the State, shall be ascertained by a jury, or by the Supreme Court with or without a jury, but not with a referee, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law." (Article 1, section 7.) The enactments we have stated do not conform to or fulfill those principles.

The requirement that if the real estate is without the city one of the three commissioners, at least, must be a resident and freeholder of the city of Rochester does not make for impartiality in determining the compensation. It suggests that one, at least, of the commissioners is expected, if not obligated, to heed and guard specially the interests of the city. The interests of the landowners are not afforded a like watchfulness on the part of a commissioner. There are those of my brethren who are of the opinion that the requirement violates the declaration of the Federal Constitution that the state shall not deprive any person within its jurisdiction of

the equal protection of the laws. (Article 14, section 1.) While we do not so decide, we do hold that is not commendable and, in the instant case, considered with other enactments, is not negligible.

The enactments that the commissioners must report to the common council; that the common council must assign a time for hearing objections to the confirmation of the report, and at the time assigned must hear the allegations of all persons interested who appear, and may take proof in relation thereto from time to time, and may confirm, disapprove or reject the report; that any person aggrieved by the report or award of the commissioners may within thirty days after the confirmation of the common council, appeal therefrom to the Appellate Division of the Supreme Court and must file the prescribed bond; that the city within thirty days after the disapproval of the report by the common council may appeal therefrom to the Appellate Division of the Supreme Court, do not afford the landowners the impartial tribunal required by the law. Under those enactments the compensation is not awarded, fixed or made until the common council has confirmed the report. The common council must receive the allegations, that is, the objections of all the parties to the proceeding, and investigate and determine the validity of them through proof which shall be offered. (*Schneider v. City of Rochester,* 160 N. Y. 165.) The common council may confirm, disapprove or reject the report. The meaning of the word " disapprove " in the sections before us (Sections 444, 446) is uncertain and the counsel for the respective parties were unable to aid us in ascertaining it. It may be the same as that of the word " reject," although its repeated use in contradistinction thereto would indicate otherwise, or it may be that the common council may eliminate parts of the report or change by increasing or decreasing items of compensation, or it may have another

and different meaning. We pass this question as not requiring a decision. The conclusion must be that the common council is an integral part of the tribunal which ascertains and determines the compensation to be received by the owners of the appropriated property. It determines the fairness and the adequacy or the inadequacy of the compensation and the legality and fairness of the proceedings of the commissioners. Although it deems the compensation or the acts of the commissioners unfair and inequitable towards the landowners it may confirm the report. If it deems them fair and equitable, but requiring the city to pay a sum greater than that approved by it, it may reject or disapprove the report. The validity and effectiveness of the report are inchoate and unadjudged until it has investigated and made its determination. Its power in such respects is exercised judicially. (*Matter of Application of City of Buffalo,* 139 N. Y. 422.)

The common council is not the impartial and disinterested tribunal which the legislature is bound to provide. The city of Rochester is a party to the proceeding. The common council, within the authorization of the charter of the city, represents and is bound to protect its interests. The common council is not, it cannot be, disinterested in investigating and deciding the claims of the landowners against the city. (*People ex rel. Eckerson* v. *Trustees of Haverstraw,* 151 N. Y. 75; *Woodland Avenue,* 178 Penn. St. 325; *Peirce* v. *City of Bangor,* 105 Me. 413; *Matter of City of Rochester,* 208 N. Y. 188.)

It is true that the appropriation by the state of the property of the citizen is an act of public administration, and the form and manner of its performance, within constitutional limitations, are such as the legislature shall in its discretion prescribe. (*Matter of Mayor, etc., of N. Y.,* 99 N. Y. 569; *People ex rel. Herrick* v. *Smith,* 21 N. Y. 595.) The legislature had the power to provide, as a matter of convenience or expediency or otherwise,

that the commissioners should make their report to the common council, instead of to the court which had acquired jurisdiction through the application for and the appointment of commissioners, and that the common council should after investigation confirm, disapprove or reject it.  A landowner was, however, constitutionally entitled to be finally heard, if he desired, by a competent and disinterested tribunal. (*Matter of Application of City of Buffalo,* 139 N. Y. 422; *Peirce* v. *City of Bangor,* 105 Me. 413; *People ex rel. Eckerson* v. *Trustees of Haverstraw,* 151 N. Y. 75.) The legislature was bound to provide that any landowner or party aggrieved by the action of the interested common council should have the right to reach, through an appeal or otherwise, without burdensome or impeding conditions, an impartial and disinterested tribunal empowered to review and correct the action of the common council. " In any society the fullness and sufficiency of the securities which surround the individual in the use and enjoyment of his property constitute one of the most certain tests of the character and value of the government." (*Monongahela Navigation Co.* v. *United States,* 148 U. S. 312.)  The legislative provisions before us give to the landowners the right of appeal in the case only of the confirmation of the report. In the case of the rejection or disapproval of it the decision of the common council is, in effect, as to a landowner, final and conclusive.  In the case of the confirmation the right of appeal is conditioned by the giving of the bond, as we have stated.  The right of appeal so given is not to be regarded as a matter of favor or privilege, but as a matter of right, because the common council, by whose determination the compensation was fixed, was interested. It should be, therefore, and is not, unqualified and attainable without regard to ability to give a bond. (*People ex rel. Eckerson* v. *Trustees of Haverstraw,* 151 N. Y. 75.)

There should have been provided, for the reasons we have stated, a right to the landowners of appealing to a court from a decision of the common council either rejecting or disapproving the report. The proceeding, subsequent to the making of the report by the commissioners, does not give the landowners the protection which the Constitutions create to them, and the enactments prescribing it are invalid.

It is worth while to express, in connection with what we have written, our decision that the provision giving, in case the common council disapprove the report, the city the right of appeal, and withholding the right of appeal from the landowners is, considered by itself, unconstitutional, because it denies to the landowners the equal protection of the laws. In the courts, parties similarly situated are entitled to equal rights and privileges. The Constitution forbids discrimination between them. (*Matter of Trustees of the Village of Saratoga Springs* v. *Saratoga Gas, E. L. & P. Co.*, 191 N. Y. 123; *Hecker* v. *Illinois Central R. R. Co.*, 231 Ill. 574; *Bogni* v. *Perotti*, 224 Mass. 152.)

The order should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, CUDDEBACK, HOGAN, McLAUGHLIN and CRANE, JJ., concur.

Order affirmed.