**GRIMM, Plaintiff-Appellant, v. INDUSTRIAL COMMISSION, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5409.   Decided September 19, 1956.

Charles T. Kaps, Columbus, for plaintiff-appellant.

C. William O'Neill, Atty. Genl., James L. Young, Daniel L. Mann, Jr., Asst. Attys. Genl., Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This is an appeal from a judgment of the Common Pleas Court in favor of the appellee. Appellant was an applicant for benefits under the Workmen's Compensation Fund by reason of the death of her husband which she claimed to have been caused by an injury received in the course of his employment. At the trial after the transcript of the rehearing before the Commission had been read to the jury the court, on the motion of appellee directed a verdict in its behalf. The court also made certain rulings as to the admissibility of testimony as appearing in the record on the rehearing before the Commission.

We have read this record, and upon the second assignment are satisfied that by the latest interpretation of our Supreme Court of the word "injury" as used in the Ohio Workmen's Compensation Act, there was no probative evidence tending to prove an accidental injury as a result of a sudden mishap occurring by chance, unexpectedly and not in the usual course of events at the particular time and place where appellee's decedent suffered his stroke. First syllabus, **Dripps v. Industrial Commission of Ohio, 165 Oh St 407.**

Appellant based her claim on two theories, one, that because of the extreme heat in the place where appellant's decedent was working, his attack was brought on. Two, that plaintiff's decedent while working fell by reason of slipping or for some other reason and struck his head causing the injury which resulted in his death.

On the first premise there is no showing whatever that the condition of temperature, the heat, on the morning when appellants decedent suffered his attack, was so different than that in which he ordinarily worked as to be considered unusual and unexpected. Upon the second premise, there is no evidence from which it may be determined whether appellee's decedent suffered the attack from which he died before he fell or after his fall.

In view of our conclusion as to the second error assigned, the failure of the trial judge to permit answers to be made to the hypothetical questions could not have been prejudicial.

We find neither error assigned well made. The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.