Zimmerman, J.,
dissenting. The General- Assembly amended Section 1465-68, General Code (117 Ohio Laws, 109), effective in July of 1937, by adding the following provision: “The term ‘injury’ as used in this section and in the Workmen’s Compensation Act shall include any injury received in the course of, and arising out of, the injured employee’s employment.” (Emphasis supplied.) Such part of the section was in substance placed in Section 4123.01, Revised Code, effective October 1, 1953.
It is the writer’s position, which he has maintained and expressed for a long time, that the provision above quoted meant exactly what it said, so that cmy injury received by a workman which was directly attributable to and associated with the employment in which he was engaged at the time was compensable and embraced an injury accidental in character and result as well as one caused by accidental means. For example, see the writer’s dissents in McNees v. Cincinnati Street Ry. Co., 152 Ohio St., 269, 285, 89 N. E. (2d), 138, 147; Toth v. Standard Oil Co., 160 Ohio St., 1, 7, 113 N. E. (2d), 81, 84; and Dripps v. Industrial Commission, 165 Ohio St., 407, 411, 135 N. E. (2d), 873, 876. In addition, see the dissenting opinion by Taft, J., in Davis v. Goodyear Tire & Rubber Co., 168 Ohio St., 482, 485, 155 N. E. (2d), 889, 891, in which the writer concurred. The writer was also one of the concurring judges in Malone v. Industrial Commission, 140 Ohio St., 292, 43 N. E. (2d), 266, and Maynard v. B. F. Goodrich Co., 144 Ohio St., 22, 56 N. E. (2d), 195.
Consequently, it is the writer’s opinion and conviction that, when in 1959 the General Assembly, recognizing that a majority of this court was persistently misinterpreting the definition of the term, “injury,” as it had been defined in 1937 and thereafter, amended Section 4123.01, Revised Code, by defining “injury” as including “any injury, whether caused by external accidental means or accidental in character and result, ’ ’ it did no more than to restate and emphasize what it had actually intended and said when it amended Section 1465-68, *226 General Code, in 1937 and when it included similar language in original Section 4123.01, Revised Code, defining “injury.”
Therefore, the judgment of the Court of Appeals herein should be affirmed.
Radclipp, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.