WINSTEAD, APPELLANT, *v.* YOUNG, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLEES.

(No. 7206—Decided August 6, 1963.)

*Mr. R. Brooke Alloway*, for appellant.
*Mr. William B. Saxbe*, attorney general, and *Mr. Robert M. Duncan*, for appellees James L. Young, Administrator, and the Industrial Commission.
*Messrs. Porter, Stanley, Treffinger & Platt*, for appellee North American Aviation, Inc.

DUFFEY, J. This is an appeal from the Common Pleas Court of Franklin County from a judgment for defendants-appellees granted upon a directed verdict at the conclusion of the trial. Plaintiff-appellant had applied for workmen's compensation. The case was before the Common Pleas Court on appeal. The question is whether, construing the evidence most favorably to the plaintiff-appellant, an issue was raised that he sustained an injury which legally can be considered as one received "in the course of and arising out of" his employment. The gist of plaintiff-appellant's claim is that he was subjected to excessive heat and humidity at his place of employment, which caused a heat stroke or heat exhaustion, resulting in his claim of disability.

Under the doctrine of *Dripps* v. *Industrial Commission* (1956), 165 Ohio St., 407, a compensable injury must be the result of accidental *and external* means. Thus, under *Dripps*, an injury caused by mere physical exertion is not compensable. This view is in conflict with the broader interpretation found in *Malone* v. *Industrial Commission* (1942), 140 Ohio St., 292, and *Maynard* v. *B. F. Goodrich Co.* (1944), 144 Ohio St., 22. However, the earlier *Malone case* on its facts involved an injury caused by excessive heat created by the working conditions. The result in the *Malone case* has never been directly overruled, although it was clearly before the Supreme Court in *Dripps*, and in *Davis* v. *Goodyear Tire & Rubber Co.* (1959), 168 Ohio St., 482, and in *Hearing* v. *Wylie, Admr., Bureau of Workmen's*

*Compensation* (1962), 173 Ohio St., 221. Thus, a legal question arises of whether an injury caused by heat which has been created by the employment conditions is compensable within the *Dripps* doctrine.

Although the trial court appears to have rested its decision on the ground that such an injury is not compensable, appellees contend that the directed verdict can also be sustained on the facts. On the entire record, a candid appraisal of the evidence would have to describe this case as a very poor one. There is strong reason to doubt that (1) appellant suffered any heat exhaustion on the job, (2) there was any excessive heat caused by the conditions of employment as opposed to the weather, (3) such heat contributed to appellant's injury as opposed to an injury received merely as a result of physical exertion, and (4) the claimed disability was proximately caused by that injury, as opposed to being an unrelated pre-existing condition. The trial judge clearly had doubts as to the sufficiency of the evidence. However, it must be strongly emphasized that this is a directed verdict case. While we are not overly impressed with the appellant's case, we think it must be conceded that there is some competent evidence to raise an issue as to each of the facts necessary to present the legal questions. Construing the evidence most favorably to the appellant, we believe the record could support findings that:

(1) Appellant did suffer a heat stroke or exhaustion.

(2) The heat and the humidity in the place of employment were higher than the prevailing weather and that this condition was created by the ovens and water pipe breakage.

(3) The heat stroke was not caused by physical exertion alone but that such heat was a legal cause of the stroke.

(4) The stroke did result in the claimed disability.

Assuming those facts, as we feel we must, the issue here becomes whether as a matter of law an injury caused by excessive heat which has been created by the employment conditions may be a compensable injury. As noted, the Supreme Court has on several occasions refused to overrule the result in *Malone*. Under those circumstances, we consider it our obligation as an intermediate court to reconcile those cases rather than follow the earlier position stated in *Grimm* v. *Industrial Commission* (1956), 76 Ohio Law Abs., 159.

Obviously, heat, regardless of the existence of flame, may cause a bodily injury. Gases, superheated air, artificial infrared lights, or any other source of heat can cause actual burns of the flesh. We would consider any such source of heat to be clearly an "external" means of injury. If such an injury was accidental, it would be compensable. It is also apparent that such heat can, under some circumstances, cause internal bodily injury either in conjunction with or regardless of an observable injury on the exterior of a man's body. If an injury is caused by such heat sources, we cannot conceive of any reason to distinguish between whether it has caused an internal bodily injury or an injury to the exterior of the body. As we understand the application of *Dripps* to such an injury, the problem would not be one of external means but rather one of whether it was accidental. Accordingly, we see no conflict between the result on the facts in *Malone* and the standard or test for compensable injury created in *Dripps*.

In this case we have concluded that an issue of fact is reasonably presented as to whether the alleged injury would or would not have occurred by physical exertion without the heat condition created by sources other than the weather. Appellant has therefore presented sufficient evidence of record to raise all the issues of fact necessary to recovery within the *Dripps* doctrine in the light of the *Malone case*. We therefore express no opinion on the effect of the 1959 amendment to Section 4123.01 (c), Revised Code, or of the *Hearing case* on the law of this district.

The judgment of the Common Pleas Court is reversed and the cause will be remanded for further proceedings.

*Judgment reversed.*

BRYANT, P. J., and TROOP, J., concur.