WALKER, APPELLEE, *v.* DAVID DAVIES, INC., APPELLANT.

(No. 72AP-267—Decided January 16, 1973.)

*Mr. Frederick M. Luper,* for appellee.
*Mr. John L. Davies,* for appellant.

WHITESIDE, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas.

Plaintiff, a real estate broker, brought this action to recover a real estate commission from defendant for the sale of certain property owned by defendant. Defendant granted plaintiff a nonexclusive right to sell the property and agreed that, if he procured a buyer, defendant would pay him a commission. Defendant sold the property directly to a purchaser with whom it had previously negotiated, but whose name it supplied to plaintiff, and refused to pay plaintiff a commission upon the sale. The plaintiff contends that he was the procuring cause of the sale. The case was tried to a jury which returned a verdict in favor of plaintiff for the commission. Defendant appeals raising nine assignments of error as follows:

1. The Common Pleas Court erred in overruling Defendant-Appellant's motion for a directed verdict at the end of Plaintiff's case.

2. The Common Pleas Court erred in overruling Defendant-Appellant's motion for a directed verdict at the end of all of the evidence.

3. The Common Pleas Court erred in overruling Defendant-Appellant's motion for judgment notwithstanding the verdict.

4. The verdict of the jury is contrary to the weight of the evidence.

5. The Common Pleas Court erred in refusing to give Instruction No. 4 requested by Defendant.

6. The Common Pleas Court erred in refusing to give Instruction No. 5 requested by Defendant.

7. The Common Pleas Court erred in refusing to give Instruction No. 6 requested by Defendant.

8. The Common Pleas Court erred in refusing to give Instruction No. 8 requested by Defendant.

9. The Common Pleas Court erred in giving Instruction No. 7 requested by Plaintiff.

The first three assignments of error raise essentially the same issue; that is, whether, when the evidence is construed most strongly in favor of plaintiff, reasonable minds could reach different conclusions thereon. From a review of the record, we conclude that reasonable minds could

differ when the evidence is construed most strongly in favor of plaintiff, and, accordingly, the first three assignments of error are not well taken.

The fourth assignment of error raises a similar issue. The issue is whether reasonable minds could differ as to the result in weighing the evidence. Defendant contends to the effect that reasonable minds, in weighing the evidence, could only conclude that plaintiff was not the procuring cause of the sale involved. We agree.

In this case, defendant had a right to sell the property to anyone it chose, or through another broker, without becoming obligated to plaintiff for a commission, so long as plaintiff was not the actual procuring cause of the sale. While there is certain testimony of plaintiff from which it might be inferred that he was the procuring cause of the sale, the manifest weight of the evidence does not permit reasonable minds to so conclude.

Plaintiff did not locate the ultimate purchaser, nor create his interest in purchasing the property. Plaintiff did not secure an oral or written promise from the purchaser to purchase the property. Rather, when contacted by plaintiff, the purchaser stated he would not deal through plaintiff, but would deal directly with defendant. Plaintiff contends that, by communicating information to one of two brothers, who were close friends of the purchaser, he precipitated the offer which was ultimately accepted.

The brother with whom plaintiff conversed testified that he had no direct part in the final negotiations, but that his brother and the purchaser worked together. The first brother's only direct part was in convincing a director of defendant to accept the purchaser's offer. The first brother also testified that to his knowledge he did not pass on to the purchaser information given to him by plaintiff.

The brother who had the direct dealings with the purchaser testified, in part, as follows:
"(* * *

"Q. Did you have any conversation with Mr. Walker, the Plaintiff in this case?

"A. No.

"Q. Did Mr. Walker have any influence or bearing on the conversations with Sam Coil?

"A. Not really."

The purchaser himself testified on cross-examination, after testifying on direct examination that he could not remember, in the following manner:

"* * *

"Q. Mr. Coil, did Mr. Walker have anything to do with your raising your offer to $150,000.00?

"A No. He could not have. I had my $150,000.00 offer in before I ever talked to Walker.

"Q. I'm just asking—

"A. No, he did not.

"Q. Did he have anything to do with your making it $135,000.00?

"A. No, sir.

"Q. Did he have anything to do with making it $125,-000.00?

"A. He did not. * * *"

The two brothers and the purchaser were called by plaintiff as witnesses. Their testimony indicates that plaintiff was not the procuring cause of the sale. The fourth assignment of error is sustained.

The fifth, sixth, seventh and eighth assignments of error relate to instructions requested by defendant which the trial court refused to give. The fifth assignment of error is not well taken. While the requested charge is a correct statement of law, the trial court gave the general substance of the requested charge, although not with the emphasis sought by defendant.

The sixth assignment of error is well taken. Defendant sought to have the trial court charge the jury to the effect that, even though plaintiff had been given the right to sell the property, defendant retained the right to sell the property itself without liability to plaintiff for a commission. This is a correct statement of the law under the evidence adduced, and the jury should have been so instructed.

The seventh assignment of error is well taken. The gist of this requested charge is that plaintiff is not entitl-

ed to recover a commission merely because of expense and time expended in attempting to sell the property, but these were risks which plaintiff undertook unless protected by his employment contract or success in becoming the procuring cause of the sale. This was a correct statement of law under the evidence adduced, and the trial court should have given this charge upon defendant's request.

The eighth assignment of error relates to the requested charge that plaintiff "cannot recover a judgment in this action upon the ground that he scared Sam Coil into action by representations relative to other buyers who were interested in purchasing the property." While, perhaps, it could be better phrased, the charge is a correct statement of law under the evidence adduced.

Where a broker has an exclusive contract entitling him to a commission from the sale of property regardless of to or by whom it is sold, any means that he uses which results in a sale of the property obviously entitles him to his commission. This is not true, however, where the broker's contract entitles him to a commission only if he procures a purchaser for the property. Under the latter circumstances, the broker is not entitled to a commission if his activities in attempting to sell the property cause a prospective purchaser who is dealing either through another broker or directly with the owner, to become apprehensive that the first broker may sell the property to another and proceed to purchase the property either through another broker or directly from the owner, even if the first broker takes steps to make the purchaser aware of the broker's activity. See *Frieman* v. *Greaves* (1947), 80 Ohio App. 341.

In order to be the procuring cause of a sale, the broker must directly originate a series of events which directly result in the producing of a purchaser for the property. *Bauman* v. *Worley* (1957), 166 Ohio St. 471. A broker is not a procuring cause of the sale if he only indirectly originates the series of events which result in the producing of a purchaser. Also he is not a procuring cause of the sale even if he directly originates a series of events which only indirectly result in the producing of a purchaser.

The ninth assignment of error contends that the trial court erred in charging the jury, pursuant to the request of plaintiff, that "it is not necessary that the plaintiff bring the owner and the purchaser into personal contact or show the property to purchaser." This charge was erroneous under the facts of this case.

Plaintiff had no direct negotiations with the purchaser. The purchaser was a person who had previously been dealing with defendant, and who expressed a desire not to deal through plaintiff. The sale resulted from the owner and the purchaser coming into personal contact to complete negotiations and execute a purchase contract. While it is not an incorrect statement of law that a broker need not bring the owner and purchaser into personal contact or show the property to the purchaser in order to be a procuring cause of a sale, under the facts of this case, it was necessary that plaintiff be the cause of the owner and the puchaser coming into personal contact to execute the sale contract in order for plaintiff to be the procuring cause of the sale. Obviously, the situation is different where the broker procures the signature to the sale contract first from the purchaser and then from the owner without their ever coming into personal contact. But that was not the situation here. The purchaser and owner did come into personal contact to sign the contract of sale.

In *Bauman, supra,* it is stated in the third paragraph of the syllabus that:

"* * * where it is undisputed that the owner of the property at the broker's solicitation quoted the latter a definite selling price, that the broker did not induce a sale at such price or, on behalf of his prospect, enter into negotiations with the owner for the purchase of the property at a lower figure, and that the broker failed to bring the parties together for a discussion of the transaction, whereby a mutually satisfactory price might be agreed upon, the elements constituting 'procuring cause' are lacking as a matter of law * * *."

Thus, where a broker has no direct negotiations with a prospect on behalf of the owner as to price, the broker cannot be the procuring cause of a sale directly between

the owner and the prospective purchaser unless the broker brings "the parties together for a discussion of the transaction, whereby a mutually satisfactory price might be agreed upon."

Plaintiff contends that defendant has waived his right to appeal the issues raised by the fourth through the ninth assignments of error by failing to file a motion for a new trial pursuant to Civ. R. 59(A). As to the fourth assignment of error, R. C. 2321.01 expressly provides that a motion for a new trial is not a requisite to an appellate review of the sufficiency or weight of the evidence where the evidence is a part of the record filed in the appellate court. There is nothing to the contrary either in the civil rules or the appellate rules.

As to the other assignments of error, a motion for a new trial is not a prerequisite to an appellate review of a judgment for alleged error of law committed by the trial court, including an error in the charge, brought to the attention of the trial court either by objection to the charge or request for instructions. See *Maynard* v. *B. F. Goodrich Co.* (1944), 144 Ohio St. 22, wherein it is stated during the course of the opinion, at page 24:

"A motion for a new trial is not always essential as a basis for review. Judgments challenged for error of law in empanelling the jury, in the admission and rejection of evidence and in the charge of the court, may be reviewed without a motion for a new trial. *Earp* v. *Pittsburg, Ft. Wayne & Chicago Rd. Co.*, 12 Ohio St., 621, and *State* v. *Langenstroer*, 67 Ohio St., 7, 13, 65 N. E., 152."

For the foregoing reasons, assignments of error one, two, three and five are overruled; assignments of error four, six, seven, eight and nine are sustained; the judgment of the Franklin County Court of Common Pleas is reversed; and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

STRAUSBAUGH and REILLY, JJ., concur.